```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**BRANDEN WITTENAUER,**

          **Plaintiff,**

    **vs.**                                    **Civil Action 2:07-CV-1203**
                                                    **Judge Sargus**
                                                    **Magistrate Judge King**

**WILLIAM D. BENNETT,**

          **Defendant.**

## REPORT AND RECOMMENDATION

This is a diversity action, 28 U.S.C. §1332, in which plaintiff seeks recovery for personal injury and property damage allegedly suffered by him as a result of a motor vehicle accident. According to the complaint, plaintiff is a resident of the State of Ohio, *Complaint,* ¶1, Doc. No. 2; the only named defendant, William D. Bennett, is believed to be a resident of the State of Texas, *Id.,* ¶2. The motor vehicle accident at issue in the action occurred in North Carolina. *Id.* This matter is now before the Court on defendant's motion to dismiss or to transfer the action for lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process. Doc. No. 8 ("*Defendant's Motion to Dismiss or to Transfer*").

This Court concludes that personal jurisdiction over the only named defendant, *i.e.,* the alleged tortfeasor, is lacking and that venue in this district is improper. Because plaintiff specifically argues that transfer of the action to the Western District of North Carolina, Statesville Division, would "virtually destroy[]" plaintiff's claim, *Memorandum contra,* at p.4, Doc. No. 12, the Court recommends that the action be dismissed without prejudice to institution in a forum able to exercise personal jurisdiction over the defendant.

"A federal court sitting in diversity may not exercise

jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law. ..." *International Technologies Consultants, Inc. v. Euroglass,* S.A., 107 F.3d 386, 391 (1997). *See also* F.R. Civ. P. 4(k)(1)(A)("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant ... who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. ...") A two-step analysis is used to determine whether personal jurisdiction would exist under Ohio law. *Alta Analytics, Inc. v. MUUSS*, 75 F.Supp. 2nd 773, 777 (S.D. Ohio 1999). First, the Court must determine whether Ohio's long arm statute, O.R.C. §2307.382, and Ohio R. Civ. P. 4.3 confer personal jurisdiction over the defendant. *Id.,* (quoting *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 235 (1994)). *See also Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002). If it is determined that Ohio law authorizes the exercise of personal jurisdiction over the defendant, then this Court must then consider "whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Alta Analytics, Inc.,* 75 F.Supp. 2d at 777.[1] In this regard the Court must consider whether there exist sufficient minimum contacts between the non-resident defendant and the forum state so as to not offend "traditional notions of fair play and substantial justice." *Bird v. Parsons,* 289 F.3d at 871-72 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Plaintiff apparently concedes that neither Ohio's long-arm statute, O.R.C. §2307.382, nor Ohio R. Civ. P. 4.3(A) authorize the

---

[1] Ohio's long-arm statute does not extend to the limits of due process; this Court must therefore look at both Ohio's long-arm statute and the requirements of due process. *Bird,* 289 F.3d at 871. *See also Goldstein,* 70 Ohio St.3d at 238 n.1.

exercise of personal jurisdiction over defendant Bennett. Instead, plaintiff takes the position that, because defendant's insurer conducts substantial business in the State of Ohio and "is in fact the real Party in interest," *Plaintiff's Memorandum Regarding Personal Jurisdiction,* at p.2, this Court should entertain this action.

Plaintiff's contention has been authoritatively rejected. In *Rush v. Savchuk*, 444 U.S. 320 (1980), the United States Supreme Court reaffirmed that, where personal jurisdiction over an out of state defendant has been called into question, "the inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Id.,* at 327 (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977)). The argument made by plaintiff in this action, like that presented to the Supreme Court in *Savchuk,* "shifts the focus of the inquiry from the relationship among the defendant, the forum, and the litigation to that among the plaintiff, the forum, the insurer and the litigation." *Savchuk,* at 332. Such an approach is forbidden by the Constitution of the United States. *Id.* "[I]t cannot be said that the *defendant* engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable, ... merely because his insurer does business there." *Id.,* at 329 (emphasis in original)(citations omitted).

*Savchuk* also expressly rejected the proposition, also asserted by plaintiff in this action, that it is the liability insurer who is the real party in interest and that the insured has no real stake in the litigation:

> A party does not extinguish his legal interests in a dispute by ensuring himself against having to pay an eventual judgment out of his own pocket. Moreover, the purpose of insurance is simply to make the defendant whole for the economic costs of the lawsuit; but noneconomic factors may also be

>important to the defendant. ... [T]he defendant's interest in the adjudication of his liability cannot reasonably be characterized as *de minimis.*

*Id.,* at 331 n.20.

Moreover, under Ohio law, plaintiff has no direct cause of action against the alleged tortfeasor's prior to judgment against the tortfeasor.  O.R.C. §3929.06(B). *See also Romstadt v. Allstate Ins. Co.*, 59 F.3d 608 (6th Cir. 1995); *Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193 (8th Dist. Ct. App. 1973).

In the case presently before the Court, the defendant has no contacts with this forum, and the due process clause "'does not contemplate that a state may make binding a judgment ... against the individual ... defendant with which the state has no contact, ties, or relations'." *Savchuk,* at 333 (quoting *International Shoe Co. v. Washington*, 326 U.S. at 319.)

This Court therefore lacks personal jurisdiction over the only defendant named in the complaint. Moreover, venue in this district is improper. *See* 28 U.S.C. §1391(a).

Defendant has asked that the action either be dismissed or be transferred to the Western District of North Carolina, Statesville Division. Because venue is improper in this district, the Court may transfer the case to an appropriate forum. *See* 28 U.S.C. §1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") *Goldlawr, Inc. v. Heiman,* 369 U.S. 463 (1962). However, because plaintiff expressly appears to reject the notion of transfer of the action, the Court concludes that dismissal of the action, without prejudice to reinstitution in an appropriate forum, is the

4

appropriate course of action.

It is therefore **RECOMMENDED** that defendant's motion to dismiss or to transfer, Doc. No. 8, be **GRANTED** and that this action be **DISMISSED, without prejudice,** for lack of personal jurisdiction and improper venue.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.*  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


April 29, 2008                           s/Norah McCann King
                                      Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge