IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRANDEN WITTENAUER,

    Plaintiff,

vs.                              Civil Action 2:07-CV-1203
                                   Judge Sargus
                                   Magistrate Judge King
WILLIAM D. BENNETT,

    Defendant.

## OPINION AND ORDER

Plaintiff in this diversity action seeks recovery for personal injury and property damage suffered by him during the course of a motor vehicle accident, allegedly caused by the negligence of defendant William D. Bennett. According to the *Complaint*, the plaintiff is a resident of the State of Ohio, *Complaint*, ¶1, Doc. No. 2, defendant is a resident of the State of Texas, *Id.*, ¶2, and the accident occurred in North Carolina. *Id.*

This matter is now before the Court on plaintiff's motion to strike all defenses based on improper venue, Doc. No. 5 ("*Motion to Strike*"), and on plaintiff's objection to the *Report and Recommendation*, Doc. No. 16.

Defendant filed a motion to dismiss or to transfer the action for lack of personal jurisdiction, improper venue, insufficiency of process and insufficiency of service of process, Doc. No. 8. On April 29, 2008, the United States Magistrate Judge issued a *Report and Recommendation* concluding that the Court lacks personal jurisdiction over the defendant and that venue in this district is improper. The Magistrate Judge therefore recommended that the motion to dismiss or to transfer, Doc. No. 8, be granted. *Report and Recommendation,* Doc. No. 14. Although the Magistrate Judge acknowledged that the Court had authority to transfer the action to an appropriate forum, *see* 28 U.S.C. §1406(a); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463 (1962), the Magistrate Judge nevertheless recommended that the action be dismissed without prejudice to reinstitution in an appropriate forum because plaintiff appeared to expressly reject the notion of transfer to North Carolina. *Id.,* at 4-5.

Plaintiff objects to that *Report and Recommendation,* Doc. No. 16; plaintiff's *Motion to Strike*, Doc. No. 5, raises the same issues.

Plaintiff takes the position that defendant Bennett is not the real party in interest. Instead, plaintiff argues that it is his own underinsured and uninsured motorist coverage carrier which is in fact the real party in interest. Because plaintiff's insurance carrier "does business in Ohio, has policy holders in Ohio, has access to attorneys in Ohio and will not be prejudiced to any proceedings in this Federal District," *Motion to Strike,* at p. 2, it would be unreasonable to require plaintiff to litigate his claim in any district other than the Southern District of Ohio. "Transferring this case to North Carolina benefits no one but the insurance carrier for Mr. Bennett (USAA) and drastically increases Mr. Wittenauer's costs of litigation." *Objection to Report and Recommendation,* at p.2.

The United State Supreme Court has held that "it cannot be said that the *defendant* engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just or reasonable ..., merely because [an] insurer does business there." *Rush v. Sazchuk,* 444 U.S. 320, 329 (1980) (emphasis in original) (citations omitted). Ohio's long-arm jurisdiction does not extend to a non-resident defendant in a tort action where the injury occurred in another state. *Signom v. Schenck Fuels, Inc.,* 2007 WL 26492, *8 (S.D. Ohio 2007) (citing *VanCamp v. VanCamp,* 2002 WL 4472, *4-5 (Ohio Ct. App. Dec. 31, 2001)). To the extent that plaintiff may wish to assert a breach of contract claim against his own motorist insurance carrier, he remains free to do so. The fact remains, however, that the only defendant named in this tort action, William D. Bennett, is not a resident of this state and the injuries for which plaintiff seeks recovery occurred in North Carolina. This Court agrees that, under these circumstances, the Court lacks personal jurisdiction over the only named defendant in this action.

This Court has considered, *de novo,* the *Report and Recommendation* and plaintiff's objection thereto. *See* 28 U.S.C. §636(b). Plaintiff's objection to the *Report and Recommendation* is **DENIED.** Plaintiff's motion to strike defenses based on improper venue, Doc. No. 5, is **DENIED.**

2

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The motion to dismiss or to transfer, Doc. No. 8, is **GRANTED**. This action is **DISMISSED**, without prejudice, for lack of personal jurisdiction and improper venue.

**IT IS SO ORDERED.**

9-5-2008
**Date**

Edmund A. Sargus, Jr.
**United States District Judge**